**Electronically Filed
Intermediate Court of Appeals
30326
13-JAN-2012
08:06 AM**

NO. 30326

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JON BUONO, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 07-1-0243)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Jon Buono (Buono) appeals from the judgment entered on January 7, 2010 by the Circuit Court of the Fifth Circuit (circuit court)[1] convicting him of unauthorized control of a propelled vehicle in violation of Hawaii Revised Statutes § 708-836 (Supp. 2005).

On appeal, Buono asserts one point of error, that the circuit court erred in denying his motion to dismiss pursuant to Rule 48 of the Hawai'i Rules of Penal Procedure (HRPP). Buono specifically challenges the circuit court's ruling that, due to court congestion, the seventy-seven days between August 18, 2008 and November 3, 2008 should be excluded from calculating the six month period under HRPP Rule 48.

---

[1] The Honorable Randal G.B. Valenciano presided.

Plaintiff-Appellee State of Hawai'i (State) counters that HRPP Rule 48 was not violated, arguing that: the circuit court properly excluded the seventy-seven days because another trial ongoing before the circuit court unexpectedly extended into an extra week and Buono's counsel consented to rescheduling trial in the normal course to November 3, 2008; in the alternative, the seventy-seven days could be excluded for "good cause" under HRPP Rule 48(c)(8); and the period between August 3, 2009 and September 21, 2009 is excluded under HRPP 48(c)(1) and (3).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised therein, as well as the relevant case law and authority, we resolve Buono's point of error as follows:

(1) Under HRPP Rule 48(c)(2), "periods that delay the commencement of trial and are caused by congestion of the trial docket when the congestion is attributable to exceptional circumstances" are excluded in computing the time for trial commencement. The circuit court ruled that the seventy-seven day period between August 18, 2008 and November 3, 2008 was excluded due to court congestion because Buono's August 18, 2008 trial date was continued as a result of the circuit court presiding over another trial that unexpectedly ran into a third week. Excluding the seventy-seven day period, the circuit court found 160 days chargeable to the State, short of a HRPP Rule 48 violation.

> A trial court's findings of fact (FOFs) in deciding an HRPP Rule 48(b) motion to dismiss, are subject to the clearly erroneous standard of review . . . . However, whether those facts fall within HRPP Rule 48(b)'s exclusionary provisions is a question of law, the determination of which is freely reviewable pursuant to the "right/wrong" test.

State v. Diaz, 100 Hawai'i 210, 216-17, 58 P.3d 1257, 1263-64 (2002) (citation omitted).

The circuit court erred when it concluded that the other trial pending before it constituted court congestion for purposes of excluding the seventy-seven days under HRPP Rule 48. As set forth in HRPP Rule 48(c)(2), a period is excluded when congestion of the trial docket is due to exceptional circumstances. "In order for court congestion to qualify as 'exceptional,' as opposed to usual, there must be a showing of deviation from the norm." State v. Caspino, 73 Haw. 256, 257, 831 P.2d 1334, 1335 (1992); see also State v. Kahawai, 9 Haw. App. 205, 831 P.2d 936 (1992). "Although it is fair to expect the state to provide the machinery needed to dispose of the usual business of the courts promptly, it does not appear feasible to impose the same requirements when certain unique, nonrecurring events have produced an inordinate number of cases for court disposition." State v. Lord, 63 Haw. 270, 272, 625 P.2d 1038, 1039 (1981) (quoting commentary to the ABA Standards Relating to Speedy Trials) (emphasis added).

The supreme court has held for purposes of HRPP Rule 48(c)(2) that there were exceptional circumstances causing court congestion in circumstances far different than this case. See State v. Baron, 80 Hawai'i 107, 110, 905 P.2d 613, 616 (1995) (two judges were reassigned, one judge retired, one judge was temporarily assigned to another court, potential replacement judges were on vacation, and there was a marked increase in jury trial demands); State v. Herrera, 63 Haw. 405, 407, 629 P.2d 626, 628 (1981) (the normal condition of the trial court's criminal division was affected because two of the four judges submitted their resignations and their workload was reduced so they could complete prior assignments, replacement judges were in place at different times, the number of judges was increased due to the workload, a newly assigned criminal judge had a limited schedule in order to complete his family court cases, new judges had limited assignments to familiarize themselves with the

3

assignments, and there was an increase in the number of indictments from fifteen to twenty-one cases per week to twenty-three to twenty-five cases per week); Lord, 63 Haw. at 272-73, 625 P.2d at 1039-40 (there were two judges to handle both criminal and civil cases and defendant's trial was continued because there was "an inordinate number of criminal indictments returned by the grand jury").

The instant case is unlike Baron, Herrera and Lord. Here, where one other trial unexpectedly extended into an additional week, there was no exceptional circumstance meeting the requirements of HRPP 48(c)(2). This was not a unique, nonrecurring event or one that deviates from the norm. Therefore, it was error for the circuit court to exclude the seventy-seven day period on this basis.

We agree in part, however, with the State's argument that there was consent by Buono's counsel. Under HRPP 48(c)(3), "periods that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant or defendant's counsel" are excluded. (Emphasis added). Buono's counsel objected to the circuit court's determination that there was court congestion such that neither party would be charged with the continuation period. However, when asked if he wanted an expedited trial date or one in the normal course, he responded "in the normal course" and the circuit court thus set trial for November 3, 2008. In this circumstance, we conclude that Buono's counsel consented to the period that delayed trial between an expedited trial setting and a trial setting in the normal course. The record does not reflect when an expedited trial would have been set or the number of days between an expedited trial and the trial set in the normal course for November 3, 2008. We therefore remand to the circuit court for further proceedings to make such findings, and the period between an expedited trial setting and the November 3,

2008 trial setting should be excluded in computing the time for trial commencement for purposes of deciding Buono's motion to dismiss.

(2) The State argues that the seventy-seven day period may alternatively be excluded under HRPP Rule 48(c)(8) for "good cause." The State did not argue "good cause" before the circuit court and the circuit court did not make any such determination in denying Buono's HRPP Rule 48 motion to dismiss. We therefore do not reach this issue.

(3) With regard to the State's argument that the period between August 3, 2009 and September 21, 2009 is excluded, that issue was not addressed by the circuit court germane to Buono's HRPP Rule 48 motion to dismiss, which was heard and decided on August 4, 2009.[2] We thus do not reach this issue.

Therefore,

IT IS HEREBY ORDERED THAT the judgment entered on January 7, 2010 is vacated and this case is remanded for further proceedings consistent with this decision. On remand, the circuit court may also address the State's arguments that we do not reach above.

DATED: Honolulu, Hawai'i, January 13, 2012.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant

Tracy Murakami
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

---

[2] At the August 4, 2009 hearing, the circuit court did charge an eight day period between August 3, 2009 and August 11, 2009 to the State based on a motion to continue filed by the State. However, that period was not the focus of Buono's motion to dismiss. Rather, the seventy-seven day period between August 18, 2008 and November 3, 2008 was the determining factor.